**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RAY A. BROOKS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 48A04-1312-CR-598 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1108-FB-1466

**April 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Ray A. Brooks appeals the trial court's revocation of his probation. Brooks raises two issues for our review, which we consolidate and restate as whether the trial court committed reversible error when it considered hearsay evidence before it revoked Brooks' probation. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On November 7, 2011, Brooks pleaded guilty to four counts of dealing in a controlled substance, two counts as Class B felonies and two counts as Class C felonies. The trial court sentenced Brooks to an aggregate term of eight years, with two years executed and six years suspended to probation.

On September 5, 2013, Brooks rear-ended another vehicle. Officer Bryan Branson of the Elwood Police Department arrived at the scene first and interviewed Brooks. Officer Bert Chambers of the Elwood Police Department arrived shortly thereafter. When Officer Chambers arrived, Officer Branson informed Officer Chambers that Brooks was intoxicated. The two officers then had Brooks perform a series of field sobriety tests, including the Horizontal Gaze Nystagmus test, the "Walk and Turn" test, and the "One Leg Stand" test. Transcript at 11. Brooks failed each of the tests "in almost every aspect that you could," and the officers "actually stopped the [One Leg Stand] test for Mr. Brooks' safety." Id. at 12. To be sure, Officer Chambers also noted that Brooks' "speech was slurred," his "pupils were dilated," and he was "irate [and h]e advised that we had no reason to stop him." Id. at 13-14. In a search incident to arrest, the officers discovered Clonazepam and Hydrocodone on Brooks' person.

On September 12, the State filed a notice of probation violation against Brooks. On November 4, the court held an evidentiary hearing on the State's notice. At that hearing, Officer Chambers testified as to his observations on September 5. Officer Chambers also testified, over Brooks' objection, to statements made to him by a witness at the scene at the time of the accident. In particular, Officer Chambers testified that this witness had observed Brooks stumble on his way to his vehicle and hit the curb right before he rear-ended the other vehicle. The trial court determined that Brooks had violated the conditions of his probation, it revoked his probation, and it ordered Brooks to serve two years in the Department of Correction. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, Brooks asserts that the trial court abused its discretion when it permitted Officer Chambers to testify to statements made to him by a witness at the scene at the time of the September 5 accident. Brooks also argues that the admission of this hearsay evidence violated Brooks' constitutional right to confront and cross-examine that witness.[1] But hearsay that is substantially trustworthy is admissible in a probation revocation proceeding. Reyes v. State, 868 N.E.2d 438, 441 (Ind. 2007). In any event, Brooks does not demonstrate how, if at all, these alleged errors amount to reversible error. It is well settled that any error in the admission of evidence, if the error is of a

---

[1] Although Brooks differentiates his argument under the Constitution from the trial court's discretion to consider hearsay testimony in a probation revocation hearing, these two arguments are different sides of the same coin. See Reyes v. State, 868 N.E.2d 438, 440-42 (Ind. 2007); see also id. at 440 n.1 ("Because probation revocation hearings are not criminal trials, the United States Supreme Court's decisions on the Sixth Amendment right to confrontation in criminal trials . . . is not implicated . . . .").

constitutional dimension, is not reversible if it is "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967).

Any error in the admission of the hearsay evidence is harmless beyond a reasonable doubt. Officer Chapman testified that he personally observed Brooks at the scene of the accident and Brooks had classic symptoms of intoxication. Officer Chapman also testified that Brooks failed three field sobriety tests and that the officers actually had to discontinue one of the tests for Brooks' own safety. And the officers found prescription medications on Brooks' person as they arrested him. The hearsay testimony was inconsequential to the trial court's decision and there is simply no question that Brooks violated the conditions of his probation. Thus, we affirm the trial court's judgment.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.